No. 25-02581

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

_____

IMMIGRANT DEFENDERS LAW CENTER,

*Plaintiff-Appellee*,

v.

KRISTI NOEM, et al.,

*Defendants-Appellants.*

_____

On Appeal from the United States District Court for the
Central District of California
No. 2:20-cv-09893 (Hon. Jesus G. Bernal)

_____

**PLAINTIFF-APPELLEE IMMIGRANT DEFENDERS
LAW CENTER'S MOTION TO DISMISS APPEAL**

_____

Matthew T. Heartney
Hannah R. Coleman
Daniel S. Shimell
Allyson C. Myers
ARNOLD & PORTER
KAYE SCHOLER LLP
777 South Figueroa Street, 44th Fl.
Los Angeles, CA 90017
(213) 243-4000

*Counsel for Plaintiff-Appellee Immigrant Defenders Law Center
(continued on next page)*

Steven L. Mayer
Sean M. SeLegue
ARNOLD & PORTER
KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
(415) 356-3000

Kathleen X. Weng
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
(202) 942-5000

Melissa Crow
CENTER FOR GENDER &
REFUGEE STUDIES
1121 14th Street, NW, Suite 200
Washington, D.C. 20005
(202) 355-4471

Edith Sangueza
CENTER FOR GENDER &
REFUGEE STUDIES
26 Broadway, 3rd Floor
New York, NY 10004
(415) 581-8839

Dulce Rodas
CENTER FOR GENDER &
REFUGEE STUDIES
200 McAllister Street
San Francisco, CA 94102
(415) 581-8843

Stephanie M. Alvarez-Jones
Victoria F. Neilson
NATIONAL IMMIGRATION PROJECT
OF THE NATIONAL LAWYERS GUILD
1201 Connecticut Ave. NW, Suite 531 #896645
Washington, D.C. 20036
(202) 470-2082

Stephen W. Manning
Jordan Cunnings
Kelsey Provo
Tess Hellgren
Rosa Saavedra Vanacore
INNOVATION LAW LAB
333 SW 5th Ave, Suite 200
Portland, OR 97204
(503) 922-3042

*Counsel for Plaintiff-Appellee Immigrant Defenders Law Center*

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...............................................................................................1

ARGUMENT .....................................................................................................1

I. The Order on Appeal Is Not an Injunction Appealable Pursuant to Section 1292(a)(1). ...............................................................................................1

II. Defendants Fail to Satisfy Two of the Three Requirements for Bringing a Non-Injunctive Order Within Section 1292(a)(1). ................................................5

   A. Defendants Fail to Acknowledge the Correct, Three-Prong Test for Whether a Non-Injunctive Order Falls Within Section 1292(a)(1). ...........................5

   B. Defendants Have Not Demonstrated That the District Court's Order Has Serious, Perhaps Irreparable Consequences. .....................................................9

   C. Defendants Have Not Demonstrated That the District Court's Order Can Be Effectively Challenged Only by Immediate Appeal. ....................................11

CONCLUSION ................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.A.R.P. v. Trump*,
  605 U.S. ___, No. 24A1007, slip op. (May 16, 2025)......................................7, 9

*Abbott v. Perez*,
  585 U.S. 579 (2018)........................................................................................3, 6

*Alliance for Hippocratic Medicine v. FDA*,
  No. 23-10362, 2023 WL 2913725 (5th Cir. Apr. 12, 2023)............................3, 4

*Alsea Valley All. v. Evans*,
  161 F. Supp. 2d 1154 (D. Or. 2001) ................................................................2, 3

*Alsea Valley Alliance v. Department of Commerce*,
  358 F.3d 1181 (9th Cir. 2004) .........................................................................2, 3

*Baltimore Contractors, Inc. v. Bodinger*,
  348 U.S. 176 (1976)..............................................................................................5

*Bennett v. Medtronic, Inc.*,
  285 F.3d 801 (9th Cir. 2002) ................................................................................8

*Carson v. American Brands, Inc.*,
  450 U.S. 79 (1981).......................................................................................*passim*

*Corona v. Knowles*,
  423 F. App'x 695 (9th Cir. 2011) .........................................................................8

*Department of Education v. California*,
  145 S. Ct. 966 (2025)............................................................................................8

*Gardner v. Westinghouse Broad. Co.*,
  437 U.S. 478 (1978)..............................................................................................5

*Negrete v. Allianz Life Insurance Company of North America*,
  523 F.3d 1091 (9th Cir. 2008) ..............................................................................3

*Nken v. Holder*,
   556 U.S. 418 (2009) ................................................................................... 1, 2

*Orange Cnty. v. Hongkong & Shanghai Banking Corp.*,
   52 F.3d 821 (9th Cir.1995) ............................................................................ 3

*Scripps-Howard Radio v. FCC*,
   316 U.S. 4 (1942) ........................................................................................... 4

*Texas v. Biden*,
   646 F. Supp. 3d 753 (N.D. Tex. 2022) .......................................................... 4

*Texas v. Biden*,
   No. 21-cv-0067 (N.D. Tex.), ECF No. 205 ................................................ 10

*Texas v. United States*,
   40 F.4th 205 (5th Cir. 2022) ..................................................................... 2, 3

*Thompson v. Enomoto*,
   815 F.2d 1323 (9th Cir. 1987) ....................................................................... 6

*In re Touch Am. Holdings, Inc. Erisa Litig.*,
   563 F.3d 903 (9th Cir. 2009) (per curiam) .................................................. 5

*U.S. v. El Dorado County*,
   704 F.3d 1261 (9th Cir. 2013) ............................................................. *passim*

*Wyoming v. U.S. Department of Interior*,
   No. 18-8027, 2018 WL 2727031 (10th Cir. June 4, 2018) ........................... 5

**Statutes**

5 U.S.C. § 705 ................................................................................................. *passim*

8 U.S.C. §1225(b)(2)(C) .......................................................................................... 9

28 U.S.C. § 1292(a)(1) .................................................................................. *passim*

**Other Authorities**

Federal Rule of Civil Procedure 65 ........................................................................ 8

# INTRODUCTION

This Court should dismiss Defendants-Appellants' ("Defendants") appeal because the District Court's Order staying MPP 1.0 is an unappealable interlocutory order. Defendants mischaracterize this appeal as one from a preliminary injunction appealable pursuant to 28 U.S.C. § 1292(a)(1), which provides that "[i]nterlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions" are appealable. The challenged order is not an injunction, but rather a stay of agency action under 5 U.S.C. § 705, part of the Administrative Procedure Act ("APA"). Existing precedent distinguishes between a stay and an injunction.

Non-injunctive orders may be appealed under Section 1292(a)(1) only if the appellant satisfies a three-part test established in *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981), and applied by this Court in *U.S. v. El Dorado County*, 704 F.3d 1261, 1263 (9th Cir. 2013). As explained below, Defendants fail to establish two of the three required elements because they fail to show that "serious, perhaps irreparable consequences" would occur absent a stay pending appeal and that the order they attack can be "effectively challenged only by immediate appeal."[1]

# ARGUMENT

## I. The Order on Appeal Is Not an Injunction Appealable Pursuant to Section 1292(a)(1).

A Section 705 stay is interim relief postponing the effective date of a challenged agency action, not an injunction. "An injunction and a stay have typically

---

[1] Defendants, through their counsel, have stated that they oppose this Motion.

1

been understood to serve different purposes." *Nken v. Holder*, 556 U.S. 418, 428 (2009). An injunction "directs the conduct of a party, and does so with the backing of [the court's] full coercive powers." *Id.* "By contrast, . . . a stay operates upon the judicial proceeding itself . . . either by halting or postponing some portion of the proceeding, or by temporarily divesting an order of enforceability." *Id.* An injunction and a stay both "prevent[] some action before the legality of that action has been conclusively determined." *Id.* But "a stay achieves this result by temporarily suspending the source of authority to act . . . not by directing an actor's conduct." *Id.* at 428–29.

Likewise, in *Texas v. United States*, the Fifth Circuit held that "[t]here are meaningful differences between an injunction, which is a 'drastic and extraordinary remedy,' and vacatur [under the APA], which is a 'less drastic remedy.'" 40 F.4th 205, 219 (5th Cir. 2022) (citations omitted). As the court explained, vacatur under the APA "does nothing but re-establish the status quo absent the unlawful agency action. Apart from the constitutional or statutory basis on which the court invalidated an agency action, vacatur neither compels nor restrains further agency decision-making." *Id.* at 220. If vacatur "neither compels nor restrains further agency decision-making," then an interim stay pending further district court litigation does not either.

In *Alsea Valley Alliance v. Department of Commerce*, the appeal challenged a district court's interlocutory order which set aside the National Marine Fisheries Service's final rule listing certain salmon populations as "threatened" under the

2

Endangered Species Act. 358 F.3d 1181 (9th Cir. 2004); *Alsea Valley All. v. Evans*, 161 F. Supp. 2d 1154, 1156 (D. Or. 2001). This Court dismissed the appeal for lack of jurisdiction, finding the order did not have the practical effect of an injunction because it did not "compel the Service to remove Oregon coast coho salmon from the threatened species list or take any other actions." *Alsea Valley All.*, 358 F.3d at 1186. "Taken to its logical end," appellants' jurisdictional "reasoning would classify as 'injunctive' all declaratory relief that deems an agency rule unlawful." *Id.* Such a holding "would be contrary to an important principle that runs throughout [this Court's] decisions": that Section 1292(a)(1) "'was intended to carve out only a limited exception to the final-judgment rule'" and must be construed narrowly. *Id.* (quoting *Orange Cnty. v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 825 (9th Cir. 1995)).

Defendants claim that the District Court's Order has the "practical effect" of an injunction, pointing to inapposite cases involving orders that compelled the appealing party to act. Defs.' Emergency Mot. ("Defs.' Motion") at 9 [ECF No. 8.1]. For example, in *Abbott v. Perez*, the Court held that orders that effectively "barred Texas from using the districting plans now in effect to conduct [that] year's elections" had "the practical effect of enjoining" use of the plans. 585 U.S. 579, 594, 598–99 (2018). Likewise, in *Negrete v. Allianz Life Insurance Company of North America*, this Court found a district court's order had the practical effect of an injunction where the order "enjoin[ed] [the defendant] from even discussing settlements in other cases that could affect any claims in this litigation" and "further preclude[d] any proposed settlement of other cases without the approval of th[e]

3

district court." 523 F.3d 1091, 1097 (9th Cir. 2008). And in *Alliance for Hippocratic Medicine v. FDA*, where the manufacturer of mifepristone intervened to appeal the district court's order staying the FDA's approval of that medication, the Fifth Circuit held that it had interlocutory appellate jurisdiction over the district court's Section 705 stay because the order at issue "would have the practical effect of an injunction because it would remove mifepristone from the market." No. 23-10362, 2023 WL 2913725, at *3 n.3 (5th Cir. Apr. 12, 2023).

Because the District Court's Order does not order anyone to act or not act, the Order is not an injunction. Instead, it only temporarily removes legal authority to act under the challenged policy. *Texas v. Biden*, 646 F. Supp. 3d 753, 769 n.3 (N.D. Tex. 2022) ("a stay . . . temporarily suspend[s] the source of authority to act—the order or judgment in question—not by directing an actor's conduct.").

Defendants cite *Scripps-Howard Radio v. FCC* to argue that "section 705 does not create a new form of remedy that is distinct from an injunction." *See* Defs.' Motion at 16 (citing 316 U.S. 4, 16–17 (1942)). But *Scripps-Howard Radio* has nothing to say about Section 705, which was not added to the APA until 1966, more than twenty years after *Scripps-Howard Radio*. *See* 5 U.S.C.A. § 705 (Pub. L. 89-554, Sept. 6, 1966, 80 Stat. 393). *Scripps-Howard Radio* simply held that (a) federal courts had authority under the All Writs Act to issue stays pending appeal of agency

orders, and (b) the Communications Act of 1934 did not remove that power. 316 U.S. at 10 & n.4, 17.[2]

## II. Defendants Fail to Satisfy Two of the Three Requirements for Bringing a Non-Injunctive Order Within Section 1292(a)(1).

### A. Defendants Fail to Acknowledge the Correct, Three-Prong Test for Whether a Non-Injunctive Order Falls Within Section 1292(a)(1).

"The [Section 1292(a)(1)] exception" to the principle that only final judgments are appealable "is a narrow one," which the courts are "not authorized to enlarge or extend." *Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478, 480 (1978). Section 1292(a)(1) must therefore be "construed . . . narrowly to ensure that appeal as of right . . . will be available only in circumstances where an appeal will further the statutory purpose of 'permit[ting] litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence.'" *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (quoting *Baltimore Contractors, Inc. v. Bodinger*, 348 U.S.

---

[2] Defendants also cite the Tenth Circuit's unreported opinion in *Wyoming v. U.S. Department of Interior* for the proposition that a stay of a final rule under Section 705 is appealable because it has the "practical effect" of granting an injunction. Defs.' Motion at 9 (citing No. 18-8027, 2018 WL 2727031, at *1 (10th Cir. June 4, 2018)). That is not the same as concluding that a stay *is* an injunction. Further, the "practical effect" test is only one of the three *Carson* requirements for bringing an order *other than* an injunction within the scope of Section 1292(a)(1)'s exception to the one final judgment rule. *Id.* (finding the stay appealable because it "has the practical effect of granting an injunction; it results in a serious, perhaps irreparable, consequence in that the environmental benefits of the Rule will not be realized; and it can be challenged only by immediate appeal"). Consequently, *Wyoming v. U.S. Department of Interior* does not support a conclusion that the stay order here is actually an injunction.

176, 181 (1976)); *see also In re Touch Am. Holdings, Inc. Erisa Litig.*, 563 F.3d 903, 906 (9th Cir. 2009) (per curiam).

Accordingly, when considering whether orders that do not "by their own terms" grant, deny, or modify injunctions, and therefore are not "directly within the language of 1292(a)(1)," courts have established a rigorous three-prong test to bring such orders within the scope of Section 1292(a)(1). *El Dorado*, 704 F.3d at 1263. "To satisfy those added requirements, the appealing party must show that the order (1) has 'the practical effect of the grant or denial of an injunction'; (2) has 'serious, perhaps irreparable consequences'; and (3) can be 'effectively challenged only by immediate appeal.'" *Id.* (quoting *Thompson v. Enomoto*, 815 F.2d 1323, 1326–27 (9th Cir. 1987)). Because the district court's Order does not "by [its] own terms" grant, deny, or modify an injunction, it is required to meet all three additional requirements. *El Dorado*, 704 F.3d at 1263, 1265 ("Whether [the order] qualifies as having the same practical effect as a denial of an injunction is an issue we need not decide, however, because the government has not succeeded on the other *Carson* factors.").

In Defendants' Motion, they purport to establish appellate jurisdiction by eliding two of the three *Carson* elements, positing that merely establishing the first element—practical effect—is enough. Defs.' Motion at 9. Defendants point to *Abbott v. Perez* to support their position, but they are mistaken. In *Abbott*, the Supreme Court construed a statute vesting jurisdiction in that court over direct appeals from injunctions that the Court viewed as "analogous" to Section 1292(a)(1), which applies only to the Courts of Appeals. 585 U.S. at 596–96. As discussed

6

above, *Abbott* principally discussed whether the orders in question had the practical effect of an injunction even though those orders were not denominated injunctions and the district court "disclaimed the term." *Id.* at 594. But the Court did not overrule or limit *Carson*'s requirements for bringing a non-injunctive order within Section 1292(a)(1); to the contrary, it cited that decision repeatedly. *Id.* at 594–97. And, in response to the dissent's claim that the Court had given "short shrift" to *Carson*'s irreparable harm requirement, the Court pointed out the obvious: the state's "inability to enforce its duly enacted plans clearly inflicts irreparable harm on the State." *Id.* at 602 n.17.

Just three days ago, the Supreme Court again cited and applied *Carson*. *See A.A.R.P. v. Trump*, 605 U.S. ___, No. 24A1007, slip op. at 3 (May 16, 2025). The plaintiffs in *A.A.R.P.* were detainees identified by the U.S. Government as subject to summary removal under President Trump's invocation of the Alien Enemies Act. *Id.* at 1. On April 17, 2025, the plaintiffs were served with notices that they would be removed "tonight or tomorrow." *Id.* That night, the plaintiffs moved for an emergency TRO before the district court. *Id.* At noon on April 18, 2025, having heard nothing from the district court, the plaintiffs appealed "the constructive denial" of the emergency TRO to the Fifth Circuit. *Id.* The Fifth Circuit dismissed the appeal for lack of jurisdiction. The Supreme Court held that the Fifth Circuit erred in dismissing the appeal from the constructive denial of the TRO, which was appealable because "the District Court's inaction had the effect of refusing an injunction." *Id.* at 3. The Court noted that, had the detainees been removed to the custody of a foreign sovereign, the U.S. Government would have argued "that no

7

U.S. court had jurisdiction to order relief," which would preclude any opportunity for the plaintiffs to appeal. *Id.* at 1. The Court further reasoned that the district court's delay "had the practical effect of refusing an injunction to detainees facing an imminent threat of severe, irreparable harm," thereby satisfying the *Carson* test. *Id.* at 3.

Defendants also rely on two inapposite cases that construed a temporary restraining order as an injunction. Defs.' Motion at 9. They cite *Bennett v. Medtronic, Inc.* to argue that an order only needs to have the practical effect of granting or denying an injunction to be subject to appellate review. *Id.* But *Bennett* held only that an injunction entered as a temporary restraining order, but which was entered after providing notice and a chance to be heard and which exceeded the time restraints imposed by Federal Rule of Civil Procedure 65, would be treated as a preliminary injunction on appeal. 285 F.3d 801, 804 (9th Cir. 2002). That principle is irrelevant to this case, which does not involve a temporary restraining order. *Department of Education v. California*, which Defendants also cite, is irrelevant for the same reason. *See* 145 S. Ct. 966, 968 (2025) (holding TRO was appealable preliminary injunction because it required the government to pay money that it was unlikely to recoup if the TRO were reversed).

In sum, to establish appellate jurisdiction, Defendants must establish all three of the *Carson* elements. As shown below, they fail to establish two of them.

### B. Defendants Have Not Demonstrated That the District Court's Order Has Serious, Perhaps Irreparable Consequences.

*Carson*'s second requirement—that an interlocutory order have "serious, irreparable consequences"—sets a high bar. *See El Dorado*, 704 F.3d at 1265; *Corona v. Knowles*, 423 F. App'x 695, 696 (9th Cir. 2011) (finding no showing of serious, irreparable harm because any future injury was "speculative"). Defendants claim irreparable injury on the sole ground that "the district court's order restrains DHS's actions in implementing 8 U.S.C. §1225(b)(2)(C) and applies nationwide." Defs.' Motion at 9. This argument falls far short of the serious injury necessary to show appealability. *Cf. A.A.R.P.*, No. 24A1007, slip op. at 2 (plaintiffs' imminent deportation to foreign prison absent appeal presented "extreme urgency and a high risk of 'serious, perhaps irreparable,' consequences" sufficient to satisfy *Carson* test) (quoting 16 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3924.1, pp. 174, 180–181 (3d ed. 2012)).

At the hearing on Defendants' application for a stay, Defendants' counsel conceded that she did not know whether *anyone* had been returned to Mexico under the reinstated MPP 1.0 even though the policy had been reinstated more than two months before. *See* March 31, 2025 Tr. 24:8–15 [Attachment to ECF No. 8.1]. The most she could say was that the re-implemented "MPP has been used on a limited basis . . . due to DHS using other authorities." *Id.* at 24:15–20. In other words, DHS has chosen to prioritize other border policies in recent months, a policy choice that undermines Defendants' claims of irreparable harm. And nothing Defendants have filed in the District Court or this Court since suggests that the government's priorities

9

had shifted by the time the District Court issued the Section 705 stay two weeks after the hearing.

Nor did Defendants' counsel know whether Mexico had agreed to accept the return of asylum seekers. *Id.* at 24:21–25. As the government has previously represented, "[b]ecause the United States cannot unilaterally return noncitizens to Mexico under MPP without Mexico's consent, their withdrawal of consent renders restarting MPP impossible." Order Granting Pl.'s Ex Parte Application ("Order"), No. 2:20-cv-09893-JGB-SHK, ECF No. 405, at 5 (citing *Texas v. Biden*, No. 21-cv-0067 (N.D. Tex.), ECF No. 205, at 4). Indeed, Defendants' pending Emergency Motion for Stay Pending Appeal states that MPP 1.0 was not implemented during the Biden Administration "due to Mexico's unwillingness to accept [certain noncitizens]" returned from the United States. Defs.' Motion at 2 (as a result of Mexico's position, "MPP was never actually applied on the ground"). And while Defendants claimed that they were reinstating MPP 1.0 because "the conditions preventing application of MPP on the ground had changed," *id.*, Defendants did not publicly identify those supposed changes at the time of reinstatement and Defendants' counsel could not identify them at the hearing, either. March 31, 2025 Tr. 4:9–5:25 [Attachment to ECF No. 8.1]. Thus, here, as in *United States v. El Dorado County*, "[t]he government has not shown that it will suffer serious, perhaps irreparable harm if [the Court] do[es] not review the district court's order now." 704 F.3d at 1265.

10

### C. Defendants Have Not Demonstrated That the District Court's Order Can Be Effectively Challenged Only by Immediate Appeal.

Because Defendants cannot show that the interim order they attack will significantly impair their ability to enforce the immigration laws, they have an adequate remedy through an appeal from a final judgment in the District Court. The District Court's Order only grants a stay of agency action "pending the conclusion of this litigation." Order at 8. In other words, "[o]nce the district court has held its evidentiary hearing and enters the final judgment, the government can appeal the same legal issues." *El Dorado*, 704 F.3d at 1265 (Ninth Circuit did not have jurisdiction under Section 1292(a)(1) over appeal of district court order). Defendants have failed to show that the District Court's Order "can be effectively challenged only by immediate appeal," and thus, this Court does not have jurisdiction over their appeal.

### CONCLUSION

For the foregoing reasons, this appeal should be dismissed.

Respectfully submitted,

Dated: May 19, 2025

By: */s/ Matthew T. Heartney*

| | |
|---|---|
| Steven L. Mayer | Matthew T. Heartney |
| Sean M. SeLegue | Hannah R. Coleman |
| ARNOLD & PORTER | Daniel S. Shimell |
| KAYE SCHOLER LLP | Allyson C. Meyers |
| Three Embarcadero Center, 10th Floor | ARNOLD & PORTER KAYE |
| San Francisco, CA 94111 | SCHOLER LLP |
| (415) 356-3000 | 777 South Figueroa Street, 44th Fl. |
| | Los Angeles, CA 90017 |
| | (213) 243-4000 |

11

Kathleen X. Weng
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
(202) 942-5000

Edith Sangueza
CENTER FOR GENDER &
REFUGEE STUDIES
26 Broadway, 3rd Floor
New York, NY 10004
(415) 581-8839

Stephanie M. Alvarez-Jones
Victoria F. Neilson
NATIONAL IMMIGRATION
PROJECT OF THE NATIONAL
LAWYERS GUILD
1201 Connecticut Ave. NW
Suite 531 #896645
Washington, D.C. 20036
(202) 470-2082

Melissa Crow
CENTER FOR GENDER &
REFUGEE STUDIES
1121 14th Street, NW, Suite 200
Washington, D.C. 20005
(202) 355-4471

Dulce Rodas
CENTER FOR GENDER &
REFUGEE STUDIES
200 McAllister Street
San Francisco, CA 94102
(415) 581-8843

Stephen W. Manning
Jordan Cunnings
Kelsey Provo
Tess Hellgren
Rosa Saavedra Vanacore
INNOVATION LAW LAB
333 SW 5th Ave, Suite 200
Portland, OR 97204
(503) 922-3042

*Attorneys for Plaintiff-Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2025, I caused the foregoing brief to be electronically filed using the CM/ECF system. I certify that counsel for the parties are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: May 19, 2025  /s/ *Matthew T. Heartney*
Matthew T. Heartney

## CERTIFICATE OF COMPLIANCE

This motion complies with the length limitation of Circuit Rules 27-1(1)(d) and 32-3 because the brief contains 2,883 words, excluding the parts of the brief exempted by from the length limitation, and the word count divided by 280 does not exceed 20 pages. This brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and 32(a)(6), respectively, because this brief has been prepared in a proportionately spaced typeface using Microsoft Word for Office 365 in Times New Roman 14-point font.

Dated: May 19, 2025  /s/ *Matthew T. Heartney*
Matthew T. Heartney

13